Alvin A. Hataway, Jr. v. Commissioner.
Hataway v. Commissioner
Docket No. 3388.
United States Tax Court
1944 Tax Ct. Memo LEXIS 47; 3 T.C.M. (CCH) 1200; T.C.M. (RIA) 44369; November 14, 1944
*47 Earl Bohannon, Esq., State Bank Bldg., Parsons, Kans., for the petitioner. Roy C. Hormberg, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: This case involves income tax for the calendar year 1942, in the amount of $16.33. The question presented is the deductibility of expenses incurred for meals and medical services by a brakeman upon a railroad while upon daily runs where he left his home terminal and returned to it the same day. All facts have been stipulated, and we find as follows: [The Facts] 1. Petitioner resides at 1313 Stevens Street, Parsons, Kansas, is married, and has one child. 2. Petitioner is employed as a brakeman by Missouri-Kansas-Texas Railroad (hereinafter referred to as the Railroad). 3. Petitioner began working for the Railroad on July 4, 1941, and has been continuously employed by the Railroad since that date. 4. Petitioner has maintained his residence, and lived with his family, at Parsons, Kansas, at all times during his employment by the Railroad. 5. Petitioner is a member of the Brotherhood of Railroad Trainmen, and his duties are fixed and determined by the operating requirements of the Railroad and the terms and conditions *48 of the contract between the Railroad and the Brotherhood of Railroad Trainmen. 6. Petitioner's duties as brakeman, performed in turn-around service between Parson, Kansas, and Piqua, Kansas, were obligations imposed on him by his contract of employment. 7. Petitioner claimed in his 1942 income tax return a deduction of $456.75 for traveling expenses. As a result of an audit of this return the Commissioner disallowed the amount of $84.50 for meals in connection with the Parsons-Piqua run, and it is this item which is the subject of the present proceedings. 8. The Commissioner's disallowance of an amount of $4.23 for medical expense is a correlative adjustment under section 23 (x) which stands or falls with the determination of deficiency in connection with petitioner's claimed deduction for meals in the amount of $84.50. 9. Petitioner was braking on the Parsons-Piqua run from April 20, 1942, to October 5, 1942, both dates inclusive, working every day in the week except Sunday, or a total of 130 working days, after deducting the days he laid off. 10. From the time of his departure from Parsons on the Parsons-Piqua run to the time of his return, petitioner's elapsed time for each *49 daily run averaged 12 hours. 11. Petitioner purchased two meals per day while away from Parsons braking on the Parsons-Piqua run, at an average cost of 65 cents per day. 12. Petitioner's total cost for meals purchased away from Parsons while braking for the Railroad on the Parsons-Piqua run was $84.50. 13. The Parsons-Piqua run is what is commonly known as a turn-around service, that is, a run on which men leave their home terminal and return to it within the same day without being relieved from service to secure necessary rest. 14. Petitioner was not required to remain at an away-from-home terminal in order to obtain necessary rest prior to beginning a return run to the home terminal while on the Parsons-Piqua run. 15. The costs of meals here in controversy were expended while petitioner was performing his duties on a "turn-around service" run. We think it clear that the deduction of $84.50 for meals was properly disallowed. Though the petitioner was out on his "run" during the day, and during that time expended money for two meals, he was at home at night, and is in no different position, essentially, from that of any person whose daily duties make it impossible for him to *50 eat his lunch at home. In our opinion the expense was personal, and the petitioner was not away from home within the intendment of section 23 (a) (1) of the Internal Revenue Code. The petitioner upon brief states that the cases cited by him do not squarely present the present question, and we agree. Cases involving extended absence from home are obviously not helpful here. I.T. 3395, C.B. 1940-2, p. 64, also relied upon involves absence of railroad trainmen from home in order to obtain necessary rest before making further runs or returning to their home terminals; whereas, it is here stipulated that petitioner's average daily run was 12 hours and that he was not required to remain at an away-from-home terminal in order to obtain necessary rest before beginning the return run to his home terminal. We hold that the expense of meals is not deductible. It is stipulated that the claim of $4.23 for medical expense "stands or falls" with the determination as to deduction for meals. Moreover, it is 5 per cent of the $84.50 above disallowed as a deduction so that, since section 127 of the Revenue Act of 1942 allowed medical expense only to the extent exceeding 5 per cent of net income, *51 &t follows from the disallowance of the $84.50 item that the $4.23 should be and it is likewise disallowed as a deduction. Decision will be entered for the respondent.